IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATE OF AMERICA,<br><br>          Plaintiff/<br>          Respondent,<br><br>     vs.<br><br>SHIRLEY ANN NELLON,<br><br>          Defendant/<br>          Movant. | No. CR-F-00-5134 OWW<br><br>ORDER DENYING MOVANT'S<br>MOTION FOR REMOVAL OF<br>RESTITUTION, FINES AND/OR<br>FELONY ASSESSMENT FEES (Doc.<br>77) |

On September 22, 2003, Movant Shirley Ann Nellon, proceeding *in pro per*, filed a Motion for Removal of Restitution, Fines and/or Felony Assessment Fees. The United States files a response to the motion on October 6, 2003.

Movant was found guilty of eight counts of mail fraud and aiding and abetting in violation of 18 U.S.C. §§ 2 and 1341 and ten counts of interstate transportation of goods stolen or taken by fraud and aiding and abetting in violation of 18 U.S.C. §§ 2

1

1  and 2314.  Movant was sentenced on August 20, 2001 to 27 months
2  incarceration, a penalty assessment of $1,800.00 and restitution,
3  jointly and severally with Curtis Singleton in the amount of
4  $113,172.67.  No fine was imposed.
5     Movant requests removal of "any condition of paying
6  restitution, fine and/or assessment fee, inasmuch as she is
7  financially unable to do so."
8     Movant's motion is DENIED.
9     Special assessments are mandatory.  18 U.S.C. § 3013(a);
10 USSG § 5E1.3; *see United States v. Carpenter*, 91 F.3d 1282, 1284
11 (9th Cir.1996).
12    Restitution was ordered under the Mandatory Victim
13 Restitution Act (MVRA) enacted in 1996 and effective on April 24,
14 1996.  Restitution was imposed pursuant to 18 U.S.C. §
15 3663A(c)(1)(A)(ii) for "an offense against property under this
16 title, including any offense committed by fraud or deceit".
17 Pursuant to Section 3663A(a)(1):
18         Notwithstanding any other provision of law,
           when sentencing a defendant convicted of an
19         offense described in subsection (c), the
           court shall order ... that the defendant make
20         restitution to the victim of the offense ....
21 Section 3663A(d) provides that "[a]n order of restitution under
22 this section shall be issued and enforced in accordance with
23 section 3664."  Pursuant to Section 3664(f)(1)(A), "[i]n each
24 order of restitution, the court shall order restitution to each
25 victim in the full amount of each victim's losses as determined
26 by the court and without consideration of the economic

2

circumstances of the defendant". Because restitution under MVRA is mandatory, the district court need not assess the defendant's ability to pay restitution. *United States v. Matsumaru*, 244 F.3d 1092, 1108-1109 (9th Cir.2001).

Movant's contention that the restitution imposed as part of her sentence is dischargeable in bankruptcy is without merit. *See* 11 U.S.C. § 523(a)(13)(a discharge does not discharge an individual debtor "for any payment of an order of restitution entered under title 18, United States Code").

ACCORDINGLY, as set forth above:

Movant's Motion for Removal of Restitution, Fines and/or Felony Assessment Fees is DENIED.

IT IS SO ORDERED.

**Dated:   December 5, 2006**              /s/ Oliver W. Wanger
668554                                      UNITED STATES DISTRICT JUDGE

3